**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

CITADEL ENERGY PRODUCTS LLC, )
)
          Plaintiff, )
)
    v. )   Civil Action No. 1:04-cv-1550-JR
)   Judge Robertson
ENERGY INFORMATION ADMINISTRATION )
)
    and )
)
U.S. DEPARTMENT OF ENERGY )
)
        Defendants. )
)
_____

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE IN CAMERA AND UNDER SEAL SIX DECLARATIONS
FROM COMPANIES THAT SUBMITTED COMMERCIALLY
SENSITIVE INFORMATION TO DEFENDANTS; AND TO FILE ONE
DECLARATION FROM THE AMERICAN GAS ASSOCIATION**

     Plaintiff Citadel Energy Products LLC ("Citadel"), by and through counsel, respectfully

opposes Defendants' Motion For Leave To File In Camera And Under Seal Six Declarations

From Companies That Submitted Commercially Sensitive Information To Defendants; And To

File One Declaration From The American Gas Association (the "Motion for Leave") because the

Motion is untimely, seeks submission of impermissible surreply evidence, and fails to

sufficiently specify the concerns requiring *in camera* submission.  In their Motion, Defendants

seek to introduce *in camera* additional evidence not previously provided to Citadel that purports

to support Defendants' claim that aggregate gas levels reported to the Energy Information

Administration ("EIA") constitute "confidential" information within the meaning of Exemption

Four of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4).

This Court should deny the Motion for Leave because it is untimely and constitutes an impermissible surreply, as Defendants filed the motion nearly three months after Plaintiffs filed the final responsive pleading on cross-motions for summary judgment, as contemplated in the parties' Joint Briefing Schedule (Docket # 11).  Moreover, even though the affidavits seemingly could be redacted to protect the identities of the affiants, Defendants offer no reason why redaction would be inadequate to protect against disclosure of confidential information.  Finally, even if this Court were to accept the affidavits, they demonstrate the existence of a disputed issue of material fact that precludes summary judgment.

## FACTS AND PROCEDURAL HISTORY

On September 8, 2004, Citadel filed a Complaint in this Action seeking disclosure of certain information relating to the EIA's development of weekly estimates of underground natural gas storage in the United States.  Thereafter, the parties agreed to and filed a Joint Briefing Schedule, pursuant to which each party agreed to submit two briefs in support of their respective motions for summary judgment and in opposition to the adverse party's motion. (Docket # 11, ¶ 4).  According to that schedule, Defendants were to file the first brief, and Plaintiff was to submit the last brief.  (*Id.*).  The parties submitted their briefs as contemplated in the Joint Briefing Schedule, with the exception that Defendants received two extensions of time to file their second responsive brief.  (Docket #14 and 16).  Citadel filed its Reply to Defendants' second brief on April 8, 2005 and thus concluded the briefing on the parties' motions as of that date.

In the Motion for Leave, Defendants reveal for the first time that on April 7, 2005 -- one day before the final contemplated pleading was due -- the Department of Energy (a Defendant in this case) sent "a notification letter via electronic mail" to companies it deemed interested in the

proceedings, "notif[ying] the companies of the instant legal proceeding in order to allow them the opportunity to consider the possible effects of disclosure on the competitive positions of their companies." (Defendants' Memorandum In Support Of Motion for Leave ("Memo.") at 5). Citadel was neither notified of the existence of this letter, nor copied on any of the correspondence with these non-parties. Regardless, Defendants apparently received six declarations "[i]n response to the notification letter" and an additional declaration from an industry association that became aware of the notification letter. (*Id.* at 5-6). These seven declarations form the basis of the Motion for Leave. It is unknown whether Defendants received additional declarations and decided to exclude them from the Motion for Leave, or how many companies declined to respond to the Department of Energy's invitation.

## ARGUMENT

I.   **THIS COURT SHOULD DENY THE MOTION FOR LEAVE BECAUSE IT IS UNTIMELY AND CONSTITUTES AN IMPERMISSIBLE SURREPLY**

Defendants filed their Motion for Leave 89 days after Citadel filed its Reply under the Joint Briefing Schedule. The Motion is therefore untimely and should be denied. Defendants offer no justification for this delay in filing the Motion for Leave, nor do they assert that the information could not have been collected prior to submission of either of their summary judgment briefs. Rather, Defendants state only that they did not seek the information until the day before the deadline for submission of Plaintiff's final brief. Now, Defendants seek to submit this late-acquired evidence *in camera*, precluding Citadel from reviewing or responding to the arguments made therein.

The Motion for Leave is not only untimely, it essentially seeks to provide Defendants with a third opportunity to present evidence to this Court, contrary to the mutually agreed Joint Briefing Schedule. Consequently, Defendants seek leave to submit impermissible surreply

evidence for the sole purpose of contesting arguments previously briefed by both parties.  "A surreply may be filed … only to address new matters raised in a reply, to which a party would otherwise be unable to respond."  *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002); *Robinson v. The Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.").  The issue of whether the requested information falls within the scope of FOIA Exemption 4 "is hardly new to [Citadel]'s reply: it began with [Citadel]'s first brief," and additional evidence is therefore impermissible.  *U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 144 (D.D.C. 2004).  Moreover, the affidavits can not be presented in response to any arguments made in Citadel's Reply brief, as Defendants solicited the affidavits before the Reply brief had been filed with the Court.  Indeed, Defendants concede as much in the Motion for Leave, asserting that they "have previously endeavored to explain the basis for their withholding decisions" and seek to submit the seven affidavits in further support of these arguments.  (Memo. at 5).  Thus, this Court should deny the Motion for Leave.

## II.   THIS COURT SHOULD DENY THE MOTION FOR LEAVE BECAUSE DEFENDANTS HAVE FAILED TO DEMONSTRATE A SUFFICIENT BASIS FOR SUBMISSION *IN CAMERA*

Defendants not only seek to submit additional affidavits to support arguments they have previously made to this court, they seek to do so *in camera* and without providing Citadel an opportunity to review or respond to the arguments made therein.  "*[I]n camera* review is generally disfavored" and "is 'not a substitute for the government's obligation to justify its withholding in publicly available and debatable documents.'"  *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 253 (D.C. Cir. 1993) (quoting *Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir. 1992)).  This Court may receive an *ex parte* and *in camera* submission only "where absolutely

necessary." *Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1470-71 (D.C. Cir. 1983) (internal quotations omitted).  If "the validity of the government's assertion of exemption can be evaluated with information contained in public affidavits and records," then the affidavits "do[] not rise to the level required to justify *in camera* submission."  *Citizens for Envtl. Quality, Inc. v. U.S. Dep't of Agriculture*, 602 F. Supp. 534, 540 (D.D.C. 1984).

In the Motion for Leave, Defendants do not assert that the affidavits are "absolutely necessary" to resolution of the cross summary judgment motions, and their motion should be denied as a result.  As set forth in the Motion, Defendants have attached public records to both of their previous pleadings in support of their arguments.  (Memo. at 4).  Defendants have not explained why their previous submissions are insufficient to resolve the summary judgment motions.  Therefore, Defendants have failed to satisfy the standard for *in camera* submission and the Motion for Leave should be denied.

Indeed, Defendants' only proffered basis for *in camera* review of the new affidavits is that the "EIA does not publicly disclose … the identities of the sample companies that submitted the information."  (Memo. at 3).  Other than this asserted promise of confidentiality, Defendants fail to specify the harm that will allegedly result from disclosure of the affiants' identities or to assert any other basis for submission *in camera*.  This lack of specificity should not form the basis of an *in camera* submission that precludes Citadel from reviewing or responding to the new evidence.

Moreover, even assuming that harm would result from disclosure of the affiants' identities, a less drastic alternative is available if the EIA redacts the identities of the gas companies from the affidavits.  If Defendants redact identifying information from the affidavits, the arguments should remain intact, obviating the need for *in camera* submission and affording

Citadel the opportunity to respond to the affidavits.  Thus, the Motion for Leave should be

denied.

**III.  DEFENDANTS' BELATED DISCOVERY EFFORTS ONLY REVEAL THAT A DISPUTED ISSUE OF MATERIAL FACT EXISTS**

As first revealed in the Motion for Leave, Defendants obtained the new affidavits only

after soliciting input from an unknown number of entities selected by the Defendants.  (Memo. at

5).  In essence, after submitting two briefs in which Defendants argued that no disputed factual

issue existed, the Defendants conducted additional discovery to support their claim.  The fact that

Defendants felt it necessary to solicit additional evidence from apparently interested parties

demonstrates that a disputed material issue of fact exists with respect to Defendants' claims that

disclosure of aggregate gas levels falls within the exception for "confidential" information set

forth in FOIA Exemption 4.  Moreover, Citadel is entitled to learn more about Defendants'

request in order to counter Defendants' arguments, including: whether there was additional

correspondence between the parties, whether Defendants assisted in the preparation of the

affidavits, whether Defendants received affidavits or other communications that did not support

Defendants' position in this litigation, or whether certain parties simply failed to respond to

Defendants' invitation, and their reasons for doing so.  All of these issues potentially affect the

arguments made in Defendants' previous briefs and should be opened for further discovery.

At the very least, Citadel should be afforded the opportunity to test the merits of claims

apparently made in these affidavits by conducting its own discovery, and Defendants' motion for

summary judgment should be denied.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that the Court deny

Defendants' Motion for Leave.

Respectfully submitted,

/s/ David I. Ackerman_____
David I. Ackerman, Bar No. 482075
Jonathan P. Guy, Bar No. 449031
SWIDLER BERLIN LLP
3000 K Street NW, Suite 300
Washington, DC  20007
(202) 424-7500
(202) 424-7643    Facsimile

Dated: July 22, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

CITADEL ENERGY PRODUCTS LLC,    )
    )
           Plaintiff,    )
    )
     v.    )    Civil Action No. 1:04-cv-1550-JR
    )    Judge Robertson
ENERGY INFORMATION ADMINISTRATION  )
    )
        and    )
    )
U.S. DEPARTMENT OF ENERGY    )
    )
        Defendants.    )
    )

_____

## CERTIFICATE OF SERVICE

       I hereby certify that on this 22nd day of July, 2005, I caused a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE IN CAMERA AND UNDER SEAL SIX DECLARATIONS FROM COMPANIES THAT SUBMITTED COMMERCIALLY SENSITIVE INFORMATION TO DEFENDANTS; AND TO FILE ONE DECLARATION FROM THE AMERICAN GAS ASSOCIATION to be served on all counsel of record by filing an electronic copy with the United States District Court for the District of Columbia.

                          /s/ David I. Ackerman_____